IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JOAN C. WATKINS,  No. C-03-3852 EDL

    Plaintiff,  **ORDER DENYING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

v.

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.
_____/

On May 9, 2001, Plaintiff Joan C. Watkins ("Plaintiff") filed an application for Disability Insurance Benefits under Title II of the Social Security Act. She alleged that she suffered pain since August 14, 2000 due to repetitive strain injury in both wrists and surgery on both knees. Administrative Record ("AR") at 100-01. The Social Security Administration ("SSA") denied Plaintiff's application initially and on reconsideration on September 24, 2001. AR 58-66. On August 19, 2003, Plaintiff filed suit in federal court. This Court granted Plaintiff's Motion for Summary Judgment in part and remanded the case on March 14, 2005, entering the judgment on March 15, 2005. On June 16, 2005, Plaintiff filed a Claim for Fees and Expenses Under the Equal Access to Justice Act (the "EAJA"). 28 U.S.C. § 2412(d) (2005). Defendant opposed the claim on June 29, 2005, on the grounds that it was untimely and, alternatively, that the fees sought were unreasonable. Plaintiff replied on July 13, 2005, asserting that Federal Rule of Civil Procedure 6(e) provided a three-day extension of the EAJA deadlines. For the reasons set forth below, the Court denies Plaintiff's motion for attorney's fees.

The EAJA allows a prevailing party to recover fees from the government if (1) the position of the United States was not "substantially justified"; (2) other circumstances do not make a recovery unjust; and (3) the claim was timely filed. 28 U.S.C. § 2412(d)(1)(A-B). Defendant disputes the timeliness of the claim. In relevant part, Section 2412(d)(1)(B) requires that "a party seeking an award of EAJA attorney's fees must submit an application within thirty days of final judgment in the action." The thirty-day limitation period for submitting fee applications is jurisdictional and cannot be extended by a district court. See Columbia Mfg. Corp. v. Nat'l Labor Relations Bd., 715 F.2d 1409, 1410 (9th Cir. 1983) (the EAJA filing deadline is jurisdictional and should be strictly construed); Yang v. Shalala, 22 F.3d 213, 216 n.4 (9th Cir. 1994) (the thirty day EAJA limitation is jurisdictional).

A judgment is final for purposes of the EAJA at the end of the sixty-day appeal period, which commences upon entry of a final judgment. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). A prevailing party therefore has ninety days from entry of final judgment to file a claim for attorney's fees under the EAJA. This Court granted Plaintiff's Motion for Summary Judgment in part on March 14, 2005 and formally entered the judgment the following day. Accordingly, Plaintiff's last day to file her claim for fees was June 13, 2005. Plaintiff did not file her claim until June 16, 2005, three days after the deadline.

Contrary to Plaintiff's argument in her reply brief, Federal Rule of Civil Procedure 6(e) does not extend the time for filing her application for attorney's fees. Federal Rule of Civil Procedure 6(e) provides that: "[w]henever a party has the right or is required to do some act or take some proceedings within a prescribed period of time after the service of a notice or other paper upon the party and the notice or paper is served upon the party by mail, three days shall be added to the prescribed period." This extension, however, does not apply when the time for acting runs from entry of judgment. Kyle v. Campbell Soup Co., 28 F.3d 928, 929-930 (9th Cir. 1994) (denying attorney's fees in a case where plaintiff filed three days late and holding that Federal Rule of Civil Procedure 6(e) does not apply to an entry of final judgment, but only extends the time to file when

2

the period for acting runs from the service of notice by mail)[1]; see also 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1171 (3d ed. 2002) (Rule 6(e) does not apply to "entries of judgment, notices of appeal, or a motion to remand or remove an action").  It is undisputed that this Court's March 15, 2005 entry of judgment constitutes a final judgment and that the ninety day clock therefore began running as of that date.  The three day extension provided by Federal Rule of Civil Procedure 6(e) is inapplicable in this matter.

Because the time bar is jurisdictional, the Court need not consider Defendant's argument that the amount of fees claimed by Plaintiff is unreasonable.  This Court also need not decide whether equitable tolling could apply under appropriate circumstances to extend the EAJA deadline, because Plaintiff has failed to set forth a sufficient equitable basis here.  See Bernstein v. United States Dep't of Commerce, 2004 U.S. Dist. Lexis 6672, at *14 (N.D. Cal. Apr. 19, 2004).

Because Plaintiff filed her claim for fees three days after the statutory deadline and the time bar is jurisdictional, Plaintiff's claim for fees under the EAJA is DENIED.

**IT IS SO ORDERED.**

Dated: July 28, 2005

_Elizabeth D. Laporte_
ELIZABETH D. LAPORTE
United States Magistrate Judge

---

[1] Rule 6(e) was amended in 2001 to incorporate the methods of service allowed under Federal Rule of Civil Procedure 5(b), including, with consent, service by electronic means and service on people with no known address.  These amendments do not affect the holding in Kyle.