IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAN C. WATKINS,<br><br>    Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>    Defendant.<br>_____/ | No. C-03-03852 EDL<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION** |

    Plaintiff timely filed a Motion for Leave to File a Motion for Reconsideration of the Court's July 28, 2005 Order Denying Plaintiff's Motion for Attorney's Fees. While the Court sympathizes with Plaintiff's situation, unfortunately, none of the arguments Plaintiff raised either in her reply brief in support of her Motion for Attorney's Fees or in her Motion for Reconsideration allows the Court to award the requested fees.

    While Plaintiff correctly notes that the Supreme Court in <u>Scarborough v. Principi</u>, 451 U.S. 401 (2004) instructed district courts to avoid using the label "jurisdictional" to describe the thirty-day deadline for filing fee applications under the Equal Access to Justice Act (the "EAJA"), <u>Scarborough</u> did not abrogate the impact of the deadline. Rejecting a similar argument, the Court of Federal Claims recently explained that, as to the thirty-day deadline, <u>Scarborough</u> essentially created a distinction without a difference:

> Plaintiff attempts to use the language in <u>Scarborough</u> that draws a distinction between jurisdictional defects and filing defects to its advantage. That distinction, however, in no way vitiates that thirty-day filing prescription contained in 28 U.S.C. § 2412(d)(1)(B) (2004). Thus, we do not see how our retention of subject matter

jurisdiction is particularly helpful to plaintiff's current plight. <u>SAI Indus. Corp. v. United States</u>, 63 Fed. Cl. 1, 4 (2004) (refusing to relate back an EAJA application to the date of an earlier-filed bill of costs, and granting defendant's motion to dismiss EAJA claim as untimely). The same reasoning defeats Plaintiff's untimely EAJA application here.

Nor can the Court apply the doctrine of equitable tolling to remedy Plaintiff's lateness. Plaintiff again correctly points out that the facts of his case are more compelling than those of <u>Bernstein v. United States Dep't of Commerce</u>, 2004 U.S. Dist. Lexis 6672, *14 (N.D. Cal. Apr. 19, 2004). But they still do not show that extraordinary circumstances beyond Plaintiff's control or wrongful interference by Defendant prevented her from filing her EAJA application on time. Plaintiff's claim that she waited to file her application because she was engaged in settlement discussions with opposing counsel does not present the type of "extraordinary circumstances" in which courts apply equitable tolling. Nor does it show any wrongful interference by Defendant. Failure to exercise due diligence, decision to wait for settlement, or misunderstanding of the law, do not provide sufficient grounds for equitable tolling. <u>See</u> <u>Irwin v. Dep't of Veterans Affairs</u>, 498 U.S. 89, 96 (1990); <u>Scholar v. Pac. Bell</u>, 963 F.2d 264, 268 (9th Cir. 1992); <u>Seattle Audubon Soc'y v. Robertson</u>, 931 F.2d 590, 595 (9th Cir. 1991), <u>rev'd on other grounds</u>, 952 F.2d 297 (9th Cir. 1991).

Plaintiff's last argument is equally unavailing. Federal Rule of Civil Procedure 6(e) does not apply to this case as Plaintiff was required to act within a specified period from *judgment* – not *service* of judgment. <u>See</u> 28 U.S.C. §2412(d)(1)(B) (2005) ("A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees..."); <u>Shalala v. Schaefer</u>, 509 U.S. 292, 302 (1993) ("[I]n a civil case to which a federal officer is a party, the time for appeal does not end until 60 days after 'entry of judgment,' and [a] judgment is considered entered for purposes of the rule only if has been 'entered in compliance with'" Federal Rule of Civil Procedure 58). That the appealability period could be variable is irrelevant; in this case, the appeal period ended sixty days after this Court's March 15, 2005 entry of the judgment. Plaintiff had thirty days from that date to file her EAJA petition. Plaintiff has cited no case, and the Court has found none, extending that EAJA deadline for service.

//

2

Although enforcing the EAJA deadline strictly brings about unfair results for an attorney who has successfully represented his client in the underlying action against the Commissioner of Social Security, the Court must follow the law and cannot grant the requested fees in this instance. The Motion For Leave To File a Motion For Reconsideration therefore is DENIED.

**IT IS SO ORDERED.**

Dated: August 29, 2005

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge